DPS-267
UNREPORTED–NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-4305

JOEL MYRTIL,
Appellant

v.

JOSEPH CASSINI, III, JUDGE, J.S.C.;
NICOLE BARRIAN; VINCENT VITIELLO;
FREDERICK P. ELFLEIN;
GREGORY DEMATTIA; JOHN J. MCMAHON, ESQ.

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 03-cv-01518)
District Judge: Honorable William J. Martini

Submitted For Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B)
August 19, 2004

Before: McKEE, RENDELL and FISHER, Circuit Judges.

(Filed October 5, 2004)

OPINION OF THE COURT

PER CURIAM

Joel Myrtil, a detainee awaiting trial in a state court criminal case, appeals an order

of the United States District Court for the District of New Jersey denying his motion for preliminary injunctive relief and his motion to compel discovery, and dismissing Myrtil's Amended Complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B).

In April 2003, Myrtil filed a pro se complaint which was amended in August 2003, claiming that in August 2000, defendants Vitiello and Berrian wrongly singled him out as a suspect in a murder, seized a suit from Myrtil, planted the victim's blood on it, and sent the suit for laboratory testing. Myrtil claims he was wrongly arrested and imprisoned in February, 2001 for murder based on lab test results indicating a match between the allegedly planted blood sample on the suit and the decedent's blood. Myrtil claims that the prosecutors in the case proceeded to cover-up Vitiello and Berrian's misconduct. Myrtil also alleges that the trial judge, the prosecutors and his defense attorney staged a false probable cause hearing at which Myrtil was admonished by his own attorney not to mention Vitiello and Berrian's actions or anything about the alleged cover-up. He claims that the trial judge ordered that Myrtil undergo a psychiatric examination in retaliation for Myrtil's filing a recusal motion. Myrtil sought unspecified damages and a preliminary injunction barring Myrtil's psychiatric examination and re-assigning Myrtil's state criminal case to another judge for trial. Myrtil also filed numerous discovery requests relating to his criminal case.

The District Court denied a preliminary injunction pursuant to Younger v. Harris, 401 U.S. 37 (1971), because Myrtil failed to make a specific showing of extraordinary

circumstances warranting federal intervention in a pending state court criminal proceeding. Moreover, the District Court held that Myrtil failed to allege injury to his constitutional rights that is great, immediate, and irreparable, finding that Myrtil's pre-trial confinement, alone, was insufficient to meet that standard. As for the denial of Myrtil's discovery motions, the District Court noted that Myrtil was to receive many of the items he requested through his court-appointed criminal attorney in the state court case. Finally, the District Court dismissed sua sponte Myrtil's civil rights complaint essentially for the same reasons it denied injunctive relief.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Myrtil has been granted leave to proceed in forma pauperis on appeal.[1] Like the District Court, we must accept as true the factual allegations in the Complaint and all reasonable inferences that can be drawn from them. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). As discussed further below, we will dismiss this appeal pursuant to § 1915(e)(2)(B)(i). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Younger abstention is required where there are continuing state proceedings that (1) are judicial in nature; (2) implicate important state interests; and (3) afford an adequate opportunity for presentation of the constitutional claims. See Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2002). All three predicate requirements are met in

---

[1] Myrtil's appeal, which was dismissed at his request in January 2004, was reopened by order entered February 25, 2004. Myrtil was granted permission to proceed in forma pauperis in March, 2004.

this case. Myrtil's criminal trial was pending in state court at the time he filed this action, the state has a long-recognized important interest in enforcing its own criminal laws, and Myrtil has already challenged the constitutionality of his arrest and prosecution in a pre-trial motion in the state court criminal proceeding. Moreover, the extraordinary circumstances envisioned by Younger are not present here. See Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 176 (3d Cir. 1992). Thus, the District Court's abstention from enjoining the state court proceedings pursuant to Younger was proper. As for the District Court's denial of the discovery motions, there is no indication that the District Court abused its discretion in denying these motions, all of which were related to the criminal proceeding.

Turning to Myrtil's amended complaint for damages, we need not decide whether the Younger abstention applies to actions for damages because we find that Myrtil failed to state a claim upon which relief could be granted on other grounds. Construing the amended complaint liberally, Myrtil raises claims of malicious prosecution, selective prosecution, retaliation, and false arrest/imprisonment arising out of an alleged illegal search and seizure of Myrtil's suit. In order to succeed on a malicious prosecution claim, a claimant must allege and prove, among other things, that the prior criminal proceeding was terminated in the claimant's favor. See Heck v. Humphrey, 512 U.S. 477 (1994). Because his criminal case is still pending, Myrtil did not allege, indeed he cannot allege, that he was convicted and that his conviction was reversed, expunged, declared invalid, or

called into question. See Id. At 486-87. Thus, Myrtil's claim of malicious prosecution arising out of an allegedly false probable cause hearing, must fail as a matter of law.[2]

Myrtil's selective prosecution claim lacks merit because it is unsupported by any factual allegations that others similarly situated were not prosecuted and that the actions of the defendants in selecting him for prosecution were based on impermissible grounds such as race, religion, or the exercise of a cognizable constitutional right.

The retaliation claim against the trial judge for ordering that Myrtil undergo psychiatric testing to determine his competence to stand trial is barred by the doctrine of absolute immunity. It is a well established principle that a judge is absolutely immune from suit for damages in a civil rights suit when he acts in a judicial capacity. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, a judge "will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)(citation omitted). See also Dennis v. Sparks, 449 U.S. 24, 27 (1980)(state court judge immune from liability in a § 1983 suit, whether or not the injunction had issued as the result of a corrupt conspiracy). Myrtil's allegations concern a court order for a psychiatric examination that was issued in the trial judge's judicial capacity while presiding over Myrtil's criminal pre-trial hearing. He asserts no

---

[2] To the extent that Myrtil claims that the defendants conspired to maliciously prosecute him by staging a false probable cause hearing, that claim is likewise barred by Heck.

5

allegations which would support a determination that the trial judge acted in the complete absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 12 (1991)(per curiam).

Finally, Myrtil's false arrest/imprisonment claim is barred by the applicable statute of limitations. We have held that New Jersey's two-year limitations period on personal injury actions, N.J.S.A. 2A:14-2, applies to civil rights claims under § 1983. Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). Myrtil's false arrest/false imprisonment claim accrued on February 21, 2001, the date the allegedly illegal seizure took place. Myrtil commenced this civil rights action on April 8, 2003, and thus, the claim is barred by New Jersey's statute of limitations. Myrtil's imprisonment does not toll the running of the statute of limitations. See Hughes v. Smith, 264 F. Supp. 767, 769 (D.N.J. 1967), aff'd, 389 F.2d 42 (3d Cir. 1968). Where a complaint is facially time-barred by the applicable statute of limitations and no legal rule tolls or otherwise abrogates the limitations period, dismissal sua sponte is appropriate. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994); see also Johnstone v. United States, 980 F. Supp. 148, 154 (E.D. Pa. 1997).

This Court is required to dismiss an in forma pauperis appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous where none of the legal points is arguable on its merits. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Because Myrtil has no arguable legal basis upon which to appeal the District Court's order, his appeal is frivolous and will be dismissed as such pursuant to 28 U.S.C. §

1915(e)(2)(B)(i). Myrtil's motions "for an emergency hearing and determination of appeal," and for appointment of counsel are denied.